UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. WNN-CV-2925 |
| FIRST AMERICAN MANAGEMENT, INC., ) ) ) | |
| and ) ) | _____FILED  _____ENTERED<br>_____LODGED _____RECEIVED |
| CONSOLIDATED MANAGEMENT GROUP, INC., ) ) ) ) | MAY - 9 2001<br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>BY                         DEPUTY |
| Defendants. ) ) ) | |

CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendants, First American Management, Inc. and Consolidated Management Group, Inc. (hereinafter Defendants), alleging that Defendants violated Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963, 29 U.S.C. §206(d)(1) by paying to their female property managers lower wages than those paid to their male property manager because of sex.



This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as a waiver by the Commission of any contentions of discrimination. Defendants expressly deny any wrongdoing or violation of law in connection with this lawsuit; and Defendants have agreed to this Decree only to avoid the expense and inconvenience of litigation.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Title VII and Equal Pay Act action which emanated from the charges of discrimination filed by Susan Jones and Carol Hooper.

2. Under Title VII,

> It shall be an unlawful employment practice for an employer (1) to . . . discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's ... sex . . . .

> Under the Equal Pay Act,

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed,

>between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

Defendants, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest are hereby enjoined from violating the above provisions. The injunction is intended to survive the life of the Consent Decree.

3. Defendants will pay back pay to the individuals listed below in the total amount of $53,779.74, less lawful deductions, including for state and federal withholding and employment taxes, such as FICA and FUTA, regarding which Defendants will make their lawful contributions. The amount allocated to each individual, without taking into account any such deductions, is set forth as follows:

| | |
|---|---|
| Carol Allen | $4,357.01 |
| Joanne Flaherty | $6,825.05 |

| | |
|---|---|
| Rhonda Heckman | $1,977.66 |
| Carol Hooper | $1,890.70 |
| June Johnson | $6,860.54 |
| Susan Jones | $3,700.00 |
| Robin Miller | $425.20 |
| Laurene Nickle | $3,689.16 |
| Charlene Pindell | $6,947.00 |
| Jane Simonds | $963.37 |
| Dorothy Slaughter | $10,586.63 |
| Tricia Zadjura | $5,557.42 |

4. Within ten days after entry of this Consent Decree, Defendants will pay to Susan Jones and Carol Hooper their back pay amounts in their entirety.

5. With respect to the remaining individuals identified above, payment of each individual's back pay will be made in 12 equal quarterly installments, the first of which is to be paid no later than July 1, 2001. Should any quarterly installment not be paid timely, the total amount owing to each individual becomes due and payable immediately.

6. Upon approval of this Decree, Defendants will post immediately in all places where notices to employees are customarily posted, the Notice attached hereto as Exhibit A and

made a part hereof. Said Notice attached hereto as Exhibit A shall be posted and maintained for a period of at least two years from the date of posting and shall be signed by responsible officials of Defendants with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendants will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendants shall forward to the attorney of record at the Baltimore District Office a copy of the signed Notice attached hereto as Exhibit A and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

7. The Commission and Defendants shall bear their own costs and attorneys' fees.

The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:                          FOR PLAINTIFF:

_____                 _____
JEFFREY ROCKMAN                         GERALD S. KIEL

5

**EXHIBIT A**

<u>NOTICE TO EMPLOYEES POSTED PURSUANT TO A
CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION AND FIRST AMERICAN
MANAGEMENT, INC. AND CONSOLIDATED MANAGEMENT GROUP, INC.</u>

Under Title VII,

> It shall be an unlawful employment practice for an employer (1) to . . . discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's ... sex . . . .

Under the Equal Pay Act of 1963,

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

WE WILL NOT engage in any acts or practices made unlawful by the above sections.

WE WILL NOT set wages for employees based on sex.

WE WILL NOT retaliate against employees for complaining about real and/or perceived violations of Title VII and/or the Equal Pay Act.

FIRST AMERICAN MANAGEMENT, INC.
(Employer)

Dated: 4/30/01     By: _____ President
                       (Representative)(Title)


CONSOLIDATED MANAGEMENT GROUP, INC.
(Employer)

Dated: 4/30/01     By: _____ -PRESIDENT
                       (Representative)(Title)

<table>
<tr><td>

/s/ _____
JONATHAN P. SILLS
Serotte, Rockman & Wescott, P.A.
Suite 610
Mercantile-Towson Building
409 Washington Avenue
Baltimore, Maryland 21204
(410) 825-7900

</td><td>

Regional Attorney

/s/ _____
STEPHEN P. O'ROURKE
Supervisory Trial Attorney

/s/ _____
DEBRA M. LAWRENCE
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 962-4349

</td></tr>
</table>

**SO ORDERED.**

Signed and entered this  8th  day of  May, 2001.

/s/ _____
United States District Court Judge

9